# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50999
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EVARISTO RAMOS-GUTIERREZ,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-1575-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In challenging the 36-month above-Guidelines sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326, Evaristo Ramos-Gutierrez asserts his sentence is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). In that regard, he contends: the upward variance was improperly based on his prior convictions, which were stale and already accounted for in the advisory

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-50999

Guidelines sentencing range of 24 to 30 months; Guideline § 2L1.2 was improperly applied because it is not empirically based; and the district court, in imposing the sentence, did not consider mitigating factors, such as the nonviolent nature of his prior offense and reason for reentering.

As Ramos concedes, he did not raise these issues in district court; review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). (He acknowledges fifth circuit precedent compels plain-error review, but wishes to preserve the issue for possible review by the Supreme Court.) Under the plain-error standard, Ramos must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* Additionally, in reviewing a non-Guidelines sentence for substantive reasonableness, we "consider the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence". *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted).

The contentions regarding double counting prior convictions and the unempirical nature of § 2L1.2 have been consistently rejected. *E.g., United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009). Moreover, that his convictions were over 15 years old "does not render a sentence substantively unreasonable", much less plainly erroneous. *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). Additionally, this court has rejected the assertion an illegal reentry is a mere international trespass, a

nonviolent offense.  *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

When imposing Ramos' sentence, the court considered the mitigating factors, such as his contention he returned to the United States to care for his ailing wife.  Nevertheless, the court's consideration of the § 3553(a) factors and sentencing decision are given "due deference".  *Gerezano-Rosales*, 692 F.3d at 400–01.  Here, the court provided specific reasons consistent with the § 3553(a) factors, including Ramos' prior illegal reentry and uncounted convictions, to support its determination a sentence above the Guidelines range was necessary to achieve the goals of sentencing.  Under the totality of the circumstances, Ramos fails to show the court plainly erred in imposing the sentence.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.